# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

RANDY WAYNE CLYBURN,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC, and
JOHN DOE #1,

    Defendants.

CASE NO.  CIV-21-106-PRW

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1332 and 1441(b), Defendant Lowe's Home Centers, LLC (hereinafter "Defendant" or "Lowe's"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the District Court of Canadian County for the State of Oklahoma, to the United States District Court, Western District of Oklahoma. The removal is based, specifically, on the following grounds:

## PLEADINGS, PROCESS, AND ORDERS

1. On November 5, 2020, Plaintiff Randy Wayne Clyburn (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the District Court of Canadian County for the State of Oklahoma by filing a Petition therein entitled *Randy Wayne Clyburn v. Lowe's Home Centers, LLC, and John Doe #1,* Case No. CJ-2020-550. True and correct copies of the following documents are attached hereto and incorporated herein by reference as follows:

   a. Exhibit 1 Petition;

   b. Exhibit 2 Summons;

   c. Exhibit 3 State Court Docket Sheet.

2. Plaintiff's Summons and Petition were served upon Defendant Lowe's Home Centers, LLC via certified mail to its agent for service of process on January 22, 2021.

3. The attached exhibits 1-2 constitute all process, pleadings, and orders served upon Defendant in this matter.

## DIVERSITY

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. See Petition – Wherefore Clause.  Accordingly, this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

5. Upon information and belief, Plaintiff was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of Oklahoma.

6. Defendant Lowe's Home Centers is a limited liability company.  The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."). Lowe's Home Centers is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a North Carolina

corporation and is incorporated in North Carolina with its principal place of business in North Carolina. Accordingly, Lowe's Home Centers is a citizen of the State of North Carolina. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendants.

7. Defendant John Doe #1 is a fictitious name. Pursuant to 28 U.S.C. § 1441(b)(1) the citizenship of defendants sued under fictitious names shall be disregarded when determining whether a civil action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

8. Plaintiff's Petition sets forth a cause of action for negligence. See Petition - Exhibit 1. Plaintiff alleges he was injured when, while driving his riding lawnmower up ramps onto his truck, one of the ramps fell off the truck, causing the Plaintiff to fall with the lawn mower. Plaintiff alleges that a Lowe's employee placed the ramps on the truck. Plaintiff alleges he suffered "permanent disabilities and disfigurement" and has and will continue to suffer from physical pain, mental and emotional anguish. Plaintiff alleges that he suffered medical expenses in the past and future and seeks damages in an amount in excess of $75,000.00. See Petition — Exhibit 1.

9. The amount in controversy is determined from the allegations in the complaint. 28 U.S.C. § 1446(c)(2); *see Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). As noted above, here, Plaintiff alleges that he has suffered in excess of $75,000, the statutory threshold for diversity jurisdiction pursuant to 28 U.S.C. § 1332, in damages. Petition —

Exhibit 1. Accordingly, this Court's jurisdiction is properly invoked. The amount in controversy here exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

10. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of Plaintiff s Petition, which indicated that the matter is removable. 28 U.S.C. § 1446(b)(1). Further, the instant removal is within one year of the commencement of the underlying action as required by 28 U.S.C. § 1446(c)(1). As noted, Plaintiff commenced this action on November 5, 2020.

11. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. Sections 1332 and 1441(b).

    /s/ Jeremy K. Schrag
Jeremy K. Schrag, OBA # 33429
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316-609-7900
Facsimile:  316-462-5746
jeremy.schrag@lewisbrisbois.com

and

/s/ Andrew M. Gunn (w/consent)
Andrew M. Gunn, OBA #19470
Durbin Larimore Bialick
920 North Harvey
Oklahoma City, Oklahoma 73102
Telephone:  405-235-9584
Facsimile:   405-235-0551
dlb@dlb.net

*Attorneys for Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 11, 2021, I filed the original of the above and foregoing Notice of Removal which will send notice to all counsel of record.

/s/ Jeremy K. Schrag
Jeremy K. Schrag